IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lisa Lane,

      Plaintiff,

                             Case No. 2:03-cv-01048

      v.

                             JUDGE GRAHAM

City of Columbus, et. al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

    Lisa Lane ("plaintiff") brings this action against the City of Columbus (the "City") and Daniel C. Cole ("Cole"), a Columbus police officer.  Under 42 U.S.C. §1983, plaintiff alleges that the City and Cole violated her rights under the Fourth, Fifth, Eight, and Fourteenth Amendments.  She also asserts a conspiracy claim under 42 U.S.C. §1985 against the City and Cole.  Under Ohio law, plaintiff brings claims against the City for negligent hiring and retention, infliction of emotional distress, abuse of process, malicious prosecution, and defamation.  Against Cole, plaintiff asserts state law claims for assault, battery, infliction of emotional distress, invasion of privacy, abuse of process, malicious prosecution, and false arrest.  This matter is before the court on defendants' motion for summary judgment.

## I.  Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction & Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992)(per curium).

The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case.  LaPointe, 8 F.3d at 378.  The moving party may meet its burden by showing that the nonmoving party lacks evidence to support an essential element of its case.  Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

In response, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J. C. Bradford & Co., 886 F.2d 1472, 1476 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)).  The Court must view the evidence, all facts, and any

inferences that may permissibly be drawn from the facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992).

In reviewing a summary judgment motion, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993)(quoting Anderson, 477 U.S. at 251-52).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48 (emphasis in original); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989).

Thus, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. See also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994).

Finally, a district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. <u>Adams v. Metiva</u>, 31 F.3d 375, 379 (6th Cir. 1994).

## II. Background

Plaintiff claims that her arrest for disorderly conduct and resisting the arrest of a third party, Terri McCoy ("McCoy"), violated her rights under the Constitution. The parties agree that plaintiff was arrested on November 14, 2002, shortly after 2:00 a.m outside Labaro's Night Club. The parties disagree, however, on the relevant facts leading to plaintiff's arrest.

According to Cole, as he drove past Labaro's parking lot on Barnett Road, he heard yelling coming from the corner of the lot. He observed four females arguing and shouting. One of the females, later identified as McCoy, was yelling, swinging her arms wildly, and making slapping gestures toward one of the other women. Cole sounded his air horn twice, but the women ignored him. Cole got out of his car and ordered McCoy to stop, but she refused and acted as if she never heard him. Cole then grabbed McCoy by the right elbow in an attempt to separate her from the other women, but McCoy pulled away. As Cole attempted to arrest McCoy for disorderly conduct, plaintiff grabbed McCoy and stated, "she didn't do anything" and "she's not going anywhere." Cole ordered plaintiff to step back and let McCoy go, but plaintiff

4

refused.  Cole released McCoy, grabbed plaintiff by the right arm, and told plaintiff to let McCoy go.  When plaintiff refused this second request, Cole took plaintiff to the ground using an arm bar take-down.  Cole handcuffed plaintiff and placed her in his cruiser.  He then arrested McCoy.

Plaintiff, on the other hand, asserts she was standing in the parking lot of Labaro's and heard a fight going on inside. Shortly after, McCoy came out of the bar "literally screaming" because she had been punched in the eye.  McCoy was holding her face, saying, "my eye, my eye" and told plaintiff that "they jumped me."  Plaintiff then states that she, McCoy, and another female named Geneva were standing in the parking lot.  Plaintiff was attempting to console McCoy when some other men came out into the parking lot and another fight broke out.  According to plaintiff, during this second fight, "Larry," the man who allegedly punched McCoy in the eye, pulled a gun, and then other "guys" broke up the fight.  Once this fight was broken up, plaintiff states that things got quiet.  Plaintiff, McCoy, and Geneva were "standing kind of like in a quiet circle."  During this quiet circle, as plaintiff was focused on McCoy, plaintiff claims Cole grabbed her from behind, picked her up, and slammed her to the ground.  Plaintiff was not aware that Cole was there and does not recall Cole saying anything prior to arresting her.

Medics were called to examine McCoy's eye and a scrape on

plaintiff's chin.  Plaintiff was charged with disorderly conduct and resisting the arrest of McCoy, while McCoy was charged with disorderly conduct.  Plaintiff was detained in the cruiser, issued a summons, and released at the scene.

One week later, November 21, 2002, McCoy, who was represented by counsel, pled no contest to a charge of misdemeanor disorderly conduct.  McCoy now claims that she did not understand what that plea meant, and had she known, would not have offered that plea.  Further, McCoy alleges that she attempted to have it withdrawn, but her motion was overruled. Several months later, on April 29, 2003, the charges against plaintiff were dismissed.

### III.  Discussion

Defendants move for summary judgment on all of plaintiff's claims.  In response, plaintiff defends her Fourth Amendment and state law assault and battery claims against Cole, but expressly abandons all other claims, including all claims against the City of Columbus.  Summary judgment is granted on all claims, except the Fourth Amendment and state law assault and battery claims against Cole, as they were abandoned in response to defendants' motion for summary judgment.

### A.  Plaintiff's Fourth Amendment Claims.

Plaintiff maintains that Cole violated the Forth Amendment

6

by unlawfully seizing, using excessive force against, and maliciously prosecuting her.  Cole's motion for summary judgment shall be denied because a genuine dispute of fact exists on those claims.

### 1.  Unlawful Arrest and Seizure.

Plaintiff alleges that Cole arrested and detained her without probable cause.  Cole moves for summary judgment arguing first that he had probable cause to arrest, and further, that his actions are protected under the doctrine of qualified immunity.

An arrest made without probable cause violates the Fourth Amendment.  Gardenhire v. Schubert, 205 F.3d 303, 313 (6th Cir. 2000).  Probable cause exists when an officer has "reasonably trustworthy information ... sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense."  Greene v. Reeves, 80 F.3d 1101, 1106 (6th Cir. 1996)(citations omitted).  The existence of probable cause "presents a jury question, unless there is only one reasonable determination possible."  Radvansky v. City of Olmsted Fall, 395 F.3d 291, 302 (6th Cir.2005)(citing Gardenhire, 205 F.3d at 315.

Plaintiff presents evidence that, if true, indicates Cole may not have had probable cause to arrest plaintiff.  Plaintiff claims she was standing in a quiet circle consoling McCoy when Cole came up from behind, slammed her to the ground without justification, and arrested her.  Plaintiff attaches to her

memorandum in opposition two third party affidavits, one from McCoy and one from Louis Jones, the owner of Labaro's Night Club, that substantially corroborate her version of events.

Nevertheless, Cole maintains that summary judgment is appropriate because one week after this incident, McCoy pled no contest to and was subsequently convicted of disorderly conduct. By pleading no contest, McCoy admitted to the truth of the facts alleged in the criminal complaint. Walker v. Schaeffer, 854 F.2d 138, 143 (6th Cir. 1988). Cole, relying on the Sixth Circuit's decision in Walker, argues that plaintiff should be estopped from claiming that McCoy was not engaged in disorderly conduct prior to her arrest.

In Walker, two plaintiffs, one arrested for disorderly conduct and one for reckless driving, brought false arrest and false imprisonment claims against two police officers. Id. at 140. The officers moved for summary judgment, arguing that as a result of no contest pleas in their criminal cases, plaintiffs should be estopped from claiming the officers lacked probable cause. On appeal, the Sixth Circuit held that no contest pleas resulting in state court convictions would be given collateral estoppel effect and prevent the state court defendants from asserting in federal court that the officers acted without probable cause in arresting them. Id. at 143. In reaching this decision the Sixth Circuit said, "[c]ollateral estoppel

8

principles ... may apply if [plaintiffs] in the state proceeding had a 'full and fair opportunity to litigate' the issues involving whether defendants" falsely arrested them.  See id.

Cole's reliance on Walker is misplaced because plaintiff was not a party to the state court plea.  Criminal charges against plaintiff were dismissed.  No conviction was ever obtained.  Unlike the plaintiffs in Walker, the plaintiff in this case has not had a "full and fair opportunity" to litigate whether probable cause existed for her arrest.

While plaintiff has submitted an affidavit by McCoy that conflicts with McCoy's plea of no contest, that does not negate the genuine issues raised by plaintiff's own testimony and the affidavit of Louis Jones.  McCoy's affidavit, her no contest plea, and her statement that she did not understand what a plea of no contest meant, if admitted into evidence, are simply additional factors that must be weighed by the jury in determining whether probable cause existed for the arrest.

Cole is not entitled to qualified immunity because the facts regarding the parties' conduct at the scene remain in dispute.  Under the doctrine of qualified immunity:

> [G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

The question of whether or not a defendant is entitled to qualified immunity is one of law for the court.  Dominque v. Telb, 831 F.2d 673, 677 (6th Cir. 1987).  However, summary judgment is not appropriate if there is a factual dispute involving an issue on which the question of immunity turns.  Poe v. Haydon, 853 F.2d 418, 426 (6th Cir. 1988).

To defeat defendant's claim of qualified immunity, plaintiff must show: (1) the facts viewed in the light most favorable to the plaintiff shows that a constitutional violation has occurred; (2) the violation involved a clearly established constitutional right of which a reasonable person would have known; and (3) the plaintiff has offered sufficient evidence to show that the official's actions were objectively unreasonable in light of the clearly established constitutional rights.  Feathers v. Aey, 319 F.3d 843, 848 (6th Cir. 2003); Williams ex rel. Allen v. Cambridge Bd. Of Educ., 370 F.3d 630, 636 (6th Cir. 2004).

Under the first and second prong of that analysis, the "law is clearly established that absent probable cause ... [an] officer may not arrest an individual." See Gardinhire, 205 F.3d at 313 (citing Dietrich v. Burrows, 167 F.3d 1007, 1012 (6th Cir. 1999)).  Under the third prong, plaintiff must offer evidence showing that Cole's actions were objectively unreasonable in light of this clearly established constitutional right.

Plaintiff's version of events, as described above, creates a

10

genuine issue of fact as to the reasonableness of Cole's conduct. Because probable cause and qualified immunity hinge on credibility determinations, Cole's summary judgment motion must be denied.

## 2.  Plaintiff's Excessive Force Claim.

Cole moves for summary judgment on the excessive use of force claim, arguing that he is entitled to qualified immunity. As described earlier, plaintiff may defeat Cole's claim of qualified immunity by presenting evidence that a constitutional violation occurred of a clearly established constitutional right and that Cole's actions were objectively unreasonable.  Feathers, 319 F.3d at 848; Williams ex rel. Allen, 370 F.3d at 636.

The right to be free from excessive force during an arrest is a constitutional right, conferred under the Fourth Amendment's prohibition against unreasonable seizures.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).  Under the Fourth Amendment, an officer's use of force is bound by a standard of objective reasonableness.  Id.

> Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests" against the countervailing governmental interests at stake.... [P]roper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an

11

> immediate threat to the safety of the officers or
> others, and whether he is actively resisting
> arrest or attempting to evade arrest by flight.

See id. at 396-397. (citations omitted).

A significant factual discrepancy exists regarding plaintiff's arrest and the reasonableness of the force used. Plaintiff presents evidence that Cole arrived at the scene and, without saying a word, slammed her to the ground and arrested her.  Plaintiff alleges that at the time she was slammed to the ground, she was doing nothing unlawful, but was in a quiet circle consoling McCoy, who had been struck in the eye.  Determining the reasonableness of Cole's conduct necessarily requires a fact determination by the jury.  Therefore, Cole's motion for summary judgment based on qualified immunity is denied.

### 3.  Plaintiff's Malicious Prosecution Claim.

Cole also moves for summary judgment on plaintiff's §1983 claim for malicious prosecution under the Fourth Amendment.  Cole argues that because probable cause existed for plaintiff's arrest, the malicious prosecution claim cannot stand.

Cole's motion for summary judgment must be denied because a dispute of fact exists and the question of probable cause must be decided by the jury.  Further, while a discrepancy exists among Sixth Circuit holdings as to whether a plaintiff may bring a Fourth Amendment malicious prosecution claim in conjunction with other Fourth Amendment claims, the most recent decisions have

12

held that a plaintiff may bring this claim under such circumstances.  See Spurlock v. Sattervield, 167 F.3d 995 (6th Cir. 1999); Darrah v. City of Oak Park, 255 F.3d 301 (6th Cir. 2002); and Johnson v. Ward, 2002 WL 1774215, 43 Fed. Appx. 779 (6th Cir. 2002); contrasted against Frantz v. Village of Bradford, 245 F.3d 869 (6th Cir. 2001).

   **B.   Plaintiff's State Assault and Battery Claim.**

   Cole moves for summary judgment on plaintiff's state law assault and battery tort claim, arguing that as an employee of a political subdivision, he is immune from suit.  Under Ohio Rev. Code §2744.03(A), employees of political subdivisions cannot be held personally liable for acts committed while carrying out official duties unless an exception to immunity applies.  One of the exceptions to immunity is that the employee's acts were committed with "a malicious purpose, in bad faith, or in a wanton or reckless manner." See Ohio Rev. Code §2744.03(A)(6); See also Cook v. Cincinnati, 103 Ohio App.3d 80, 90 (1995).

   When analyzing claims for immunity under Ohio Rev. Code §2744.03(A)(6) Ohio courts have held that:

>        "Reckless" refers to conduct that causes an
> unreasonable risk of harm and is "substantially
> greater than that which is necessary to make his
> conduct negligent...."  The term "malice" means
> the willful and intentional desire to harm
> another, usually seriously, through conduct which
> is unlawful or unjustified.

See Alley v. Bettencourt, 134 Ohio App. 3d 303, 315 (1999)

(citations omitted).

After defining the relevant terms, the court in <u>Alley</u> said that, assuming the truth of plaintiff's testimony that officers beat him on the head to waken him and then tripped him when they took him from the cruiser to the hospital, the amount of force used was not reasonable.  <u>Id</u>.  The court found a genuine issue of fact was created as to whether the officers acted recklessly or maliciously as the court defined those terms above. <u>Id</u>.

In this case, plaintiff has submitted evidence that she was standing in a quiet circle consoling McCoy when Cole approached her from behind and, without warning, probable cause, or any other justification, picked her up and slammed her to ground. Assuming this evidence to be true, as this court must in summary judgment proceedings, a jury could reasonably find that Cole created an unreasonable risk of harm and/or intentionally harmed plaintiff through unlawful conduct.  Therefore, Cole is not entitled to immunity on the state law assault and battery claims.

## IV.  Conclusion

For the foregoing reasons, defendants' motion for summary judgment is denied with respect to plaintiff's Fourth Amendment and state law assault and battery claims against Cole. Defendants' summary judgment motion is granted with respect to all other claims against Cole and the City of Columbus.  The City

14

of Columbus is dismissed from the case.

    It is so ORDERED.

                        s/James L. Graham
                        JAMES L. GRAHAM
                        United States District Judge


    DATE: September 15, 2005